IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GENE BORDIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JON RAU, et al.,<br><br>　　　　　Defendants. | No. 2:22-CV-2046-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' unopposed motion to dismiss, ECF No. 9.

　　　　　Plaintiff initiated this action by way of a complaint filed on November 14, 2022. See ECF No. 1. In his complaint, Plaintiff alleges that he is a resident of the State of California and that both named defendants – Jon and Josh Rau – are residents of the State of Nevada. See id. at 2, 4. Plaintiff asserts subject matter jurisdiction based on diversity of citizenship. See id. at 3. In their motion to dismiss, Defendants argue that the action must be dismissed for lack of personal jurisdiction. See ECF No. 9; see also 28 U.S.C. § 1332.

　　　　　In their declarations submitted in support of the motion to dismiss, Defendants Jon and Josh Rau state that, in August 2016, Plaintiff asked the Raus if they knew of a location in Fallon, Nevada, Plaintiff could rent to operate and store beekeeping equipment. See ECF No. 9, ps. 3. The Raus informed Plaintiff they had recently purchased commercial property at 300

1    Dorral Way in Fallon, Nevada, that Plaintiff could lease.  See id.  Thereafter, Plaintiff and the
2    Raus agreed on terms and Plaintiff brought his equipment to the Raus' property.  See id.
3    Following this, Plaintiff did not return to the property for several years.  See id.  According to the
4    Raus, Plaintiff never paid rent as agreed, never returned to the property, and never communicated
5    with them regarding his plans.  See id.  While the Raus communicated with Plaintiff a few times
6    in 2017 and 2018, they never heard from Plaintiff after March 2018 and assumed Plaintiff had
7    simply abandoned his equipment.  See id.  In late 2022, Plaintiff arrived unannounced at the
8    Raus' property in Fallon, Nevada, to collect his equipment.  See id.  The Raus agreed that
9    Plaintiff could have access to their property to retrieve his equipment, but only once Plaintiff paid
10   the rent he owed for the past several years.  See id.  Plaintiff refused.  See id.  To date, Plaintiff's
11   equipment remains on the Raus' property in Fallon, Nevada.  See id.
12            In their motion to dismiss, Defendants argue that this Court lacks personal
13   jurisdiction over them.  See id. at 3-7.  Based on the moving papers, the Court agrees.
14   Specifically, Defendants have met their burden of establishing that there is no relationship
15   between the non-resident Defendants' conduct and the forum state.  Because Plaintiff has not
16   filed any opposition to Defendants' motion, Plaintiff has failed to meet his burden of establishing
17   otherwise.  See Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  Specifically, Plaintiff
18   has not established either general or specific jurisdiction in California.  Finally, Eastern District of
19   California Local Rule 239(c), (l) permits the Court to construe Plaintiff's lack of opposition as
20   waiver of any opposition to granting the motion.  The Court does so here and will recommend
21   dismissal for lack of personal jurisdiction.  Plaintiff is free to re-file his action in the appropriate
22   court in Nevada.
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

Based on the foregoing, the undersigned recommends that:

1. Defendants' unopposed motion to dismiss, ECF No. 9, be granted; and
2. This action be dismissed for lack of personal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE